United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAURILIO RANGEL HUERTA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-08525-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Maurilio Rangel Huerta is an immigration detainee awaiting the outcome of his removal proceedings. Fleeing Mexico, he first entered the United States in September 2016 and was taken into custody by DHS. ECF No. 1 ¶ 17. He was detained for approximately two months, and then was released from custody and paroled into the country to pursue his asylum claim. *Id.*; ECF No. 6 at 5, 8. After his release, Petitioner began living in Corning, California with his three children. ECF No. 1 ¶ 12. His asylum proceedings were administratively closed in 2023. ECF No. 6 at 8. Petitioner has received two DUI convictions since entering the United States, with the most recent conviction occurring in February 2025. Dkt. No. 1 ¶ 1. He was arrested by ICE in July 2026 while he was leaving state court. *Id.* ¶ 18.

Petitioner contends that his detention without a bond hearing has become unconstitutionally prolonged in violation of his Fifth Amendment procedural due process rights. *Id.* ¶¶ 31–34. As a remedy, he seeks a prompt, constitutionally adequate bond hearing before an immigration judge. *Id.* at 10; ECF No. 7 at 6. Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g. Zeus Humberto R.Z. v. Chestnut*, No. 1:26-CV-07791-TLN-SCR, 2026 WL 3181271 (E.D. Cal. Oct. 23, 2026); *Blanco-Rodriguez v. Hernandez*, No. 2:26-CV-03494-JNW, 2026 WL 3072377 (W.D.

United States District Court
Eastern District of California

Wash. Oct. 14, 2026); *Diaz-Alfonso v. Warden, California Cty. Immigration Processing Ctr.*, No. 1:26-CV-07682-DC-CKD, 2026 WL 3060522 (E.D. Cal. Oct. 13, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.

Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2016. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 1. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause."). Indeed, Respondents concede as much, stating in their opposition that "this case is in the category of cases in which the Court has ordered a bond hearing due to petitioner's criminal history[.]" ECF No. 6t at 1–2. The Court agrees, and finds that Petitioner is entitled to a hearing at which the Government must justify the basis for Petitioner's continued detention.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to provide a substantive bond hearing within fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

United States District Court
Eastern District of California

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Noël Wise
United States District Judge